IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  :

    v.  :  Criminal No. DKC 18-212
        Civil Action No. DKC 19-2391

JONATHAN KEITH BRANCH  :

**MEMORANDUM OPINION**

Jonathan Keith Branch was sentenced on June 26, 2018, to 80 months in prison for his felon in possession conviction. He did not appeal. He filed a motion to vacate under 28 U.S.C. § 2255, *pro se*, on August 16, 2019, asserting error under *Rehaif v. United States*, 139 S.Ct. 2191 (2019), that he did not knowingly possess a firearm, that he was forced into a plea, and that he received ineffective assistance of counsel. (ECF No. 29). The Government responded, contending that the claims were defaulted, are time barred, and lack merit. (ECF No. 31). Mr. Branch filed a reply. (ECF No.32). Assistant Federal Public Defenders Paresh Patel and Shari Derrow entered their appearances and filed a supplement on June 10, 2020, again raising an issue under *Rehaif*. (ECF No. 37).

Now that the jurisprudence surrounding *Rehaif* has been clarified, particularly by *United States v. Greer*, 141 S.Ct. 2090 (2021), counsel filed a motion to withdraw on February 11, 2022. (ECF No. 41). Counsel report that correspondence was sent to Mr. Branch asking if he wanted voluntarily to withdraw his § 2255

petition. To date, Mr. Branch has not responded to either counsel's correspondence or counsel's motion to withdraw. Accordingly, counsel's motion to withdraw (ECF No. 41) IS GRANTED. In accordance with Local Rule 101.2.a, Mr. Branch is deemed to be proceeding without counsel unless and until new counsel enters an appearance on his behalf.

Moreover, the motion will be denied because the only possible timely issue, namely under *Rehaif*, lacks merit and the others are time barred. In *Greer*, the Court held:

> In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon. When a defendant advances such an argument or representation on appeal, the court must determine whether the defendant has carried the burden of showing a "reasonable probability" that the outcome of the district court proceeding would have been different. Because *Greer* and *Gary* did not make any such argument or representation on appeal in these cases, they have not satisfied the plain-error test.

*Greer v. United States*, 141 S. Ct. 2090, 2100, 210 L. Ed. 2d 121 (2021). In the § 2255 context, this means that Petitioner must demonstrate "actual prejudice" in order to pursue the claim:

> To demonstrate actual prejudice, he would need to show that, if the Court "had correctly advised him of the *mens rea* element of his

2

> offense, there is a reasonable probability that he would not have pled guilty." *Greer*, 141 S. Ct. at 2097 (internal quotation marks omitted). In assessing that probability, the Court presumes that Plater was aware of his status as felon. *See id.* (reasoning that "[i]f a person is a felon, he ordinarily knows he is a felon"). Plater has not provided evidence that would tend to show he was unaware of his felon status at the time he possessed his firearm. *See, e.g.*, *United States v. Crawley*, No. CR JPJ 15-001, 2021 WL 2910724, at *3 (W.D. Va. July 12, 2021) (finding no actual prejudice from a *Rehaif* error where defendant failed to provide evidence negating knowledge of his status as a felon); *Rios v. United States*, No. CR FL 17-139-1, 2022 WL 256486, at *2 (E.D.N.C. Jan. 26, 2022) (same).

*United States v. Plater*, No. CR PJM 13-0622, 2022 WL 912396, at *3 (D. Md. Mar. 29, 2022).  Here, Mr. Branch had been convicted of robbery (sentenced to 8 years, 7 suspended, but 5 years imposed on violation of probation); firearm possession (two convictions, sentenced to 5 years); and CDS possession with intent to distribute (12 year sentence, 10 suspended).  He was in criminal history category VI.  Given this criminal history, as in *Plater*, he cannot demonstrate a reasonable probability that he would not have entered a guilty plea had he been informed of the Government's burden to prove knowledge of his prior conviction(s).

All of the other issues are time barred.  A motion under § 2255 must be filed within one year of certain events, either the date on which the conviction became final (14 days after entry of

judgment), the date on which an impediment is removed (not asserted or applicable), the date on which the right asserted was recognized by the Supreme Court (only applies to *Rehaif* claim), or the date on which the facts (but not law) supporting the claim could have been discovered (not asserted or applicable).  The determination is made on a claim-by-claim basis:

> Timeliness under § 2255(f) is assessed on a "claim-by-claim basis." *Capozzi v. United States,* 768 F.3d 32, 33 (1st Cir. 2014) (per curiam) (collecting cases from the Third, Sixth, Ninth, Tenth, and Eleventh Circuits), *cert denied*, --- U.S. ----, 135 S.Ct. 1476, 191 L.Ed.2d 418 (2015); *see Zach v. Tucker*, 704 F.3d 917, 924-25 (11th Cir. 2013) (en banc) (explaining that a petitioner may not use a single, timely claim to revive time-barred claims), *cert denied*, --- U.S. ----, 134 S. Ct. 156 (2013); *Hannigan v. United States*, 131 F.Supp.3d 480 (E.D.N.C. 2015), *appeal dismissed*, 638 Fed.Appx. 234 (4th Cir. 2016) (per curiam), *cert. denied*, --- U.S. ----, 137 S. Ct. 404 (2016); *see also Mayle v. Felix,* 545 U.S. 644, 662, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005); *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (n. 6, 125 S.Ct. 1807, 161 L.Ed.2d 669 2005).

*Brown v. United States*, No. CR ELH-14-0532, 2017 WL 4946990, at *2 (D. Md. Nov. 1, 2017).  As asserted by the Government, all remaining claims are subject to dismissal for untimeliness.  The only basis Petitioner asserts for the late filing is *Rehaif*.  But he may not use a single, timely claim to revive time-barred claims.

Accordingly, the motion to vacate will be denied as to the *Rehaif* issue and dismissed otherwise. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001)

5

(internal marks omitted).  Upon review of the record, the court finds that Mr. Branch does not satisfy the above standard.  Accordingly, the court will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner.  A separate order will follow.


March 31, 2022                            /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge